E. A. CLARK & COMPANY *vs.* D. & C. E. SCRIBNER COMPANY.

Cumberland.   Opinion April 13, 1923.

*In contracts for the sale of goods, wares or merchandise, to meet the requirement of*
*the Statute of Frauds, R. S., Chap. 114, Sec. 5, there must be some confirma-*
*tory act by the buyer only.   The seller must do something, concurrent with*
*or subsequent to the contract, indicating clearly a delivery, with an*
*intention of vesting the right of possession in the vendee as owner.*
*There must be an acceptance and receipt by the vendee with ·*
*an intent to become owner.*

In contracts for the sale of goods, wares or merchandise, to which the Statute
of Frauds (R. S., Chap. 114, Sec. 5) is applicable, the confirmatory and bind-
ing act proceeds from one party only, the buyer.

There cannot be such an acceptance and receipt as shall conclude the purchase
until there has been a delivery by the seller.

Something must be done with respect to the subject matter of the contract,
either concurrent with or subsequent to it, which unequivocally indicates that
there was a delivery by the vendor, with an intention of vesting the right of
possession of the subject matter of the sale in the vendee as owner, and an
acceptance and receipt of the same by the latter, with an intent thereby to
become the owner thereof.

Where the subject matter of such a contract is a car of cottonseed meal which
the purchaser persistently refused to accept, and the seller at all times retained
in his possession the railroad bill of lading and at no time made delivery of
the merchandise with an intention of vesting the right of possession in the pur-
chaser, the mere request of the purchaser, if proved, that the vendor sell the
merchandise for the former's account is not such a constructive receipt and
acceptance as will satisfy the Statute of Frauds.

The rule must be considered as established that so long as the seller's lien on
goods for their price remains and the buyer cannot maintain trover for their
detention, there can be no delivery of the goods which must precede their
acceptance and no acceptance and receipt within the statute.

On report.   An action to recover damages for an alleged breach of
a contract claimed by plaintiff to have been made with the defendant
by telephone for the sale of a carload of cottonseed meal.   Plaintiff
alleges that immediately after the telephone conversation a written
confirmation of the sale was mailed to defendant, which is denied as

having been received. A few days before the carload of cottonseed meal arrived in Brunswick, where defendant corporation was doing business, defendant received from plaintiff an invoice of the meal, and thereupon at once called the plaintiff by telephone and announced his refusal to accept the shipment and the defendant contends that it never did accept it. The plaintiff alleges that defendant requested it to sell the shipment for defendant which it refused to do. Finally the plaintiff, the defendant continuing to refuse acceptance, took the car and sold it, and brought this action to recover a balance due it as it alleged. The general issue was pleaded and under a brief statement the defense set up the statute of frauds. At the conclusion of the evidence by agreement of the parties the case was reported to the Law Court. Judgment for the defendant.

The case is fully stated in the opinion.

*Thaxter & Holt,* for plaintiff.

*Wheeler & Howe,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL, DEASY, JJ.

MORRILL, J. In July, 1920, the plaintiff by oral contract, sold to the defendant a carload of cottonseed meal, for shipment from point of origin in the following November. The original bill of lading was received by the plaintiff early in December, and thereupon under date of December 9, 1920, an invoice of the meal was mailed to the defendant at Brunswick, and plaintiff forwarded the bill of lading with sight draft attached for collection through bank. The car arrived in Brunswick on December 15, 1920. The defendant refused to honor the draft or to accept the contents of the car. The car remained on the track in Brunswick until January 11, 1921, when it was forwarded by order of plaintiff to Lewiston, Maine, and there the contents were resold by the plaintiff. To recover the loss occasioned by the refusal of defendant to accept the goods, this action is brought.

Appreciative of the application of the Statute of Frauds to oral contracts for the sale of goods, wares and merchandise, counsel for plaintiff allege in the amended declaration that the defendant "did receive and accept the same (the cottonseed meal) by requesting the said plaintiff to sell the same for the account of the said defend-

ant," and that upon arrival of the car in Brunswick plaintiff was "compelled to then and there take possession of said car and sell the contents for the account of the said defendant." In a third count plaintiff avers "that in accordance with said request it did sell the same for the account of the said defendant." Evidence was introduced on both sides as to such request.

Assuming that the plaintiff has sustained the burden of proving the request which it alleges, the question is presented whether upon the facts of the case the Statute of Frauds (R. S., Chap. 114, Sec. 5) affords a defense to the action.

We think that unquestionably it does. Attention is directed to the undisputed fact that the bill of lading never came into defendant's possession, but was retained by plaintiff to protect its lien for the purchase price. The defendant could not exercise any control over the contents of the car until it paid the draft and thus obtained possession of the bill of lading; this it did not do, and persistently refused to do.

These facts are decisive of the case, and distinguish the instant case from the cases of constructive acceptance relied upon by plaintiff's counsel.

Under the statute the confirmatory and binding act proceeds from one party only, the buyer. That there cannot be such an acceptance and receipt as shall conclude the purchase until there has been a delivery by the seller, is manifest from the meaning of the former words, and has often been judicially affirmed. Browne on Statute of Frauds, 3d Ed., Secs. 316, 317.

It must be regarded as definitely and finally settled that these terms, "accept" and "actually receive," have distinct meanings, and that both acceptance and actual receipt, which implies delivery, are essential to take the case out of the statute. The cases, including our own cases of *Maxwell* v. *Brown*, 39 Maine, 98, and *Young* v. *Blaisdell*, 60 Maine, 272, are collected in a note to the case of *Shindler* v. *Houston*, 1 N. Y., 261, printed in 49 Am. Dec., 327. In the revision of the statutes of Maine in 1857, the word "actually" which had been in the statute since 1821 was omitted, and the clause was made to read, "unless the purchaser accepts and receives part of the goods"; this reading has been since continued; we apprehend, however, that the meaning remains the same as under the readings of the Statutes of 1821 and 1841. *Martin* v. *Bryant*, 108 Maine, 253, 256.

The rule must be considered as established that so long as the seller's lien on goods for their price remains, and the buyer cannot maintain trover for their detention, there can be no delivery of the goods which must precede their acceptance, and no acceptance and receipt within the statute.   There must be some act of the parties amounting to a transfer of possession, and an acceptance thereof by the buyer.   Browne, St. of Frauds, 3d Ed., Sec. 317.   *Edwards v. Grand Trunk Ry.*, 54 Maine, 105, 111.   *Maxwell* v. *Brown*, 39 Maine, 98, 103.   In a frequently cited opinion by Judge Lowell in the U. S. District Court, it is said:   "It has often been decided that there can be no sufficient receipt by the vendee, so long as the vendor holds as vendor, and insists on his lien for the price."   *Ex parte Safford*, 2 Lowell, 563, 21 Fed. Cas., No. 12212.

In the note above referred to, in 49 Am., Dec., 331, the rule is stated thus:   "The vendor's lien must be divested by the receipt and acceptance, or the oral contract will not be valid, for this is necessary to the vesting of the absolute control and dominion of the goods in the buyer, which is implied in the words 'actually receive';" and the authorities are collected.

From a recent case before this court the rule may be thus formulated:   Something must be done with respect to the subject matter of the contract, either concurrent with or subsequent to it, which unequivocally indicates that there was a delivery by the vendor, with an intention of vesting the right of possession of the subject matter of the sale in the vendee as owner, and an acceptance and receipt of the same by the latter, with an intent thereby to become the owner thereof.   *Ford* v. *Howgate*, 106 Maine, 517, 522.

In the instant case, the plaintiff at no time made delivery of the merchandise in question with an intention of vesting the right of possession in the defendant, and the latter has at all times persistently refused to accept the same.   The mere request of the defendant, if proved, that the plaintiff sell the meal for its account is not such a constructive receipt and acceptance as will satisfy the statute of frauds.   "Acceptance cannot legally take place, in the absence of a special agreement, so long as the seller preserves his dominion over the goods so as to retain his lien for the price, for he thereby prevents the purchaser from accepting and receiving them as his own within the meaning of the statute.   Consequently, if there is nothing indicating a surrender of the seller's lien, any acts of control

by the buyer will not be an acceptance, for although there may be cases in which the goods remain in the possession of the vendor, and yet have been received and accepted by the vendee, in such cases the vendor holds possession not by virtue of his lien as vendor, but under some new contract by which the relations of the parties are changed." *Clark* v. *Labreche*, 63 N. H., 397, 399.

*Judgment for defendant.*